arguing that defendant was not entitled to specific performance because he had not changed his position in detrimental reliance on the plea agreement. They also withdrew their plea offer, informing the court that new information concerning defendant's criminal activities prevented them from offering a plea to less than an A-I felony.

The court found that defendant had detrimentally relied on the plea agreement and was entitled to specific performance. Thus, without the People's consent, the court accepted defendant's plea to second degree criminal possession of a controlled substance and sentenced defendant to three years to life. The People now attempt to appeal from that judgment.

An appeal by the People does not lie in these circumstances. The People's authority to appeal to an intermediate appellate court in a criminal case is strictly the product of statute (see, People v Ainsworth, 145 AD2d 74, 76, lv granted 74 NY2d 660, appeal withdrawn 74 NY2d 894; People v Garofalo, 71 AD2d 782, appeal dismissed 49 NY2d 879, adhered to on rearg 75 AD2d 980). That authority is set forth in its entirety in CPL 450.20. Because the conviction and sentence in this case is not an order, judgment, or sentence of the type enumerated in CPL 450.20, the People's appeal must be dismissed for lack of jurisdiction. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.

 In the Matter of TIAHEK Q., a Person Alleged to be in Need of Supervision. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Erie County Family Court, Manz, J.—Modify Dispositional Order.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.

 In the Matter of TIAHEK Q., a Person Alleged to be in Need of Supervision. (Appeal No. 2.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following Memorandum: After a fact-finding hearing on a juvenile delinquency petition, respondent was adjudicated a Person in Need of Supervision and placed accordingly (see, Family Ct Act § 311.4 [2]). On a subsequent petition to transfer respondent to a more structured facility, the court was advised that the only available placement was with the Division for Youth as a juvenile delinquent. The court then